LELA K. MUNKERS, Executrix *v.* STATE TAX COMMISSION

Meldon R. Coffee, Portland, Oregon, represented plaintiff.

Jann W. Carpenter, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for plaintiff rendered July 28, 1967.

EDWARD H. HOWELL, Judge.

Plaintiffs appeal from an income tax deficiency assessed for 1962. The facts have been stipulated.

In March, 1953, plaintiff Lela K. Munkers acquired certain farm properties located in Oregon. Plaintiff's original cost basis in these properties was $30,000; however, due to adjustments this cost basis was fully absorbed, that is, reduced to zero, by February 19, 1962. At that time plaintiff and her husband entered into a "Sale Agreement" for the sale of the property. During 1962, 1963, 1964 and 1965 plaintiff received no payments of principal on account of the 1962 agreement. However, during 1962 and 1963 payments of interest as called for by the agreement were received.

On or about December 13, 1965, a second agreement, denominated a "Modification Agreement," was executed by plaintiff's representative and the purchaser under the 1962 agreement. The Modification Agreement contained changes in terms but the sales price was the same as in the 1962 Sale Agreement. One-half of the purchase price was paid to plaintiff on or about December 21, 1965, and the balance of the contract price was received by plaintiff on or about January 3, 1966.

Plaintiff, a cash basis taxpayer, on her 1965 individual income tax return purported to make an election to report the gain from the sale of the property on the installment method under ORS 316.190. However, plaintiff now concedes that because more than thirty percent of the sales price was received in 1965 she is

not, and was not in 1965, eligible to report on the installment method.

It is defendant's position that the sale in question should be treated as completed in 1962 and, therefore, the entire gain realized from the sale should be included in plaintiff's 1962 income. Plaintiff's primary contention is that no gain was realized until 1965.

■■ It is fundamental that in order for gain to be taxable it must be "realized." ORS 316.260(1) provides: "(1) The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis * * *" of the property. ORS 316.260(2) defines the amount realized to be "the sum of any money received plus the fair market value of the property (other than money) received." It has been stipulated that no payments on the principal were received by plaintiff in 1962, that the value of the 1962 contract received by plaintiff in connection with the sale of the property was not in excess of plaintiff's adjusted cost basis of the property sold, and that the adjusted cost basis was reduced to zero. Therefore, no amount was realized by plaintiff in 1962 which would have given rise to realized gain.

■ Defendant points to ORS 316.275(1) which provides "Upon the sale or exchange of property the entire amount of gain or loss * * * shall be recognized * * *." This is, however, merely the general recognition provision which provides that all "realized" gains shall be recognized except where postponement of recognition is allowed.

■ A cash basis taxpayer who sells property on a contract which has no ascertainable value ordinarily is not taxable until his receipts exceed the adjusted basis of the property. *Burnet v. Logan*, 283 US 404, 51 S Ct

550, 75 L ed 1143 (1931) ; *R. J. Ennis v. Commissioner,* 17 TC 465 (1951).

■ In the instant case plaintiff first realized on the 1962 sale in 1965 and 1966. When she realized on the sale, she realized gain because her receipts exceeded the adjusted basis. Since the adjusted basis was zero, the full amount of her initial receipt gave rise to realized and reportable gain in 1965. The plaintiff can only realize gain in any one year to the extent that the amount realized in that year exceeds the adjusted basis of the property sold. Therefore, when plaintiff realized on the sale in 1965 she was only liable to report gain to the extent of her realization in that year.

The Oregon installment sales provision, ORS 316.190, provides in pertinent part:

"(2) If the transaction is reported by the taxpayer as resulting in a gain, an election to report a casual sale or other casual disposition of real or personal property on the instalment basis must be clearly manifested in the first return of the taxpayer made for the tax year in which the sale or other disposition was made or, if no payments are received in that year, in the first year in which payments are received. If such manifestation is not so made, or if the sale or disposition is omitted from the return, or if the transaction is erroneously and in bad faith reported as resulting in a loss, the entire gain, as determined by ORS 316.260, shall be included in income for the tax year in which the sale or disposition was made; however, if no initial payment is received in the year of sale or other disposition, the entire gain shall be included in the taxable year in which the initial payment is made."

■ The commission contends that plaintiff must report the gain from the sale in 1962 under the above

provision. The commission argues that the "however" clause, which would allow the entire gain to be included in the taxable year in which the initial payment is made, is inapplicable because a manifestation to report the sale on the installment basis was made on plaintiff's return in 1965, the first year in which payments were received, and there was no omission from the return, nor error, nor bad faith in reporting a loss. Acceptance of the commission's position, that the benefits of the "however" clause are only available to those taxpayers who have committed one of the errors enumerated in ORS 316.190(2), would force cash basis taxpayers who do not commit one of the enumerated "sins" to have to report their sales income in the year of sale even though they realize nothing in that year. The statutes should not be construed to produce an unsound result. *Church of the Holy Trinity v. United States,* 143 US 457, 12 S Ct 515, 36 L ed 226 (1892). In addition, any decision requiring plaintiff, a cash basis taxpayer, to report the sales income in the year of sale, a year in which nothing was realized, would conflict with the realization provisions of ORS 316.260 (1) and (2). The plaintiff's income from the 1962 sale is reportable in 1965 and 1966, the years in which plaintiff realized on the sale.