# FRANK H. AND MARIE E. SCHULTZ v.
## COMMISSION

Lee A. Hansen, Portland, represented plaintiff.

Gerald F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered February 21, 1968.

EDWARD H. HOWELL, Judge.

Plaintiffs appeal from a tax commission order assessing an income tax deficiency against them for the tax year 1964.

In August, 1964, the plaintiffs contracted to sell a one-half interest in their automotive machine shop in Tillamook, Oregon. The contract provided for a $5,000 down payment and that the balance be paid as follows:

"3. Second parties further agree to pay first parties out of the profits of said business the further sum of Eight Thousand ($8,000.00) Dollars in the following manner:

"Each of the parties, Frank Schultz and Thomas Fink, shall devote substantially their full time to

carrying on the partnership business and each of said parties may draw from the earnings and receipts of said business One Hundred ($100.00) Dollars per week. The profits of said business over and above the drawing of said Frank Schultz and Thomas Fink shall be paid upon any obligation due under the liens and indebtedness against the property listed in Exhibit B. Additional profits of said business shall be divided equally, but any share of second parties in such additional profits, up to Eight Hundred Ten and 36/100 ($810.36) Dollars per year, shall be paid by second parties to first parties and applied upon the additional Eight Thousand ($8,000.00) Dollars which first parties are to receive out of the profits of said business until said Eight Thousand ($8,000.00) Dollars has been fully paid. The parties shall have the right to use any of the earnings and profits of said business for purchase of new and additional machinery and equipment and for expansion and improvement of such business."

The plaintiffs reported the sale using the cost recovery method which allows the basis in the property to be recovered before reporting any profit. They used this method on the grounds that the contract had no ascertainable fair market value because the $8,000 balance was to be paid out of profits received from the operation of the business. See *Bibb v. Commission,* 3 OTR 60 (1967); *Munkers v. Commission,* 3 OTR 95 (1967).

The tax commission disallowed the cost recovery method of reporting the sale on the basis that the contract was a completed transaction. The commission also found that while references were made to the $8,000 balance being paid from the profits received, another clause in the contract required minimum monthly payments to be paid on the unpaid balance. The defendant argues that this clause controlled the

other provisions in the contract which stated the balance was to be paid from any profits received. Paragraph 6 of the contract concerning minimum payments stated:

"(Notwithstanding any other provision of this agreement, second parties agree to pay upon the $8,000.00 balance at least $67.52 per month, said amount to include interest. The first payment to be made on or before December 1, 1964.)"

The sole issue is whether the contract required the $8,000 balance to be paid only out of the net profits of the business or whether it provided for fixed monthly payments of $67.52 without regard to whether or not the business earned a profit.

The plaintiffs argue that the provision requiring the balance to be paid from profits and the provision for minimum payments are repugnant and incompatible, and therefore the earlier clause providing for payment from profits should prevail.

■ The two provisions are not repugnant and incompatible. The contract does not state that the balance is to be paid *only* from the profits because it also provided for minimum monthly payments without regard to profits. No contract would afford sufficient protection to the seller if it provided that the unpaid balance would be paid from profits only without a specific provision for payments to be due and payable without regard to profits. The parties in this instance made such a specific provision. Paragraph 6 of the contract performed this function when it provided that certain monthly payments were to be made on the unpaid balance of $8,000 "notwithstanding any other provision of this agreement." The reference to "other provision of this agreement" could only apply to the provision regarding payment of the $8,000 unpaid

balance of the contract. It appears obvious that the parties decided to have Paragraph 6 incorporated in the contract because they wanted it understood that minimum monthly payments were required, regardless of the provision relating to payments to be made from profits. In fact, a payment was made in the amount of $67.52 on December 1, 1964, as required by Paragraph 6 of the contract.

■ It is concluded that Paragraph 6 requiring the monthly payment of $67.52 "notwithstanding any other provision of this agreement" controls all other provisions of the contract regarding payment of the unpaid balance and that it is clear and unambiguous. As the parties agreed at the trial that such a finding would preclude the plaintiffs from reporting the sale on the cost recovery method, the order of the tax commission should be and is affirmed.